# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD TRAMBLE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 4:14-cv-00547-RWS-NCC |
| JAMES HURLEY, | ) ) ) | |
| Respondent, | ) ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 9). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). (Doc. No. 5). After reviewing the case, the court has determined that Petitioner is not entitled to relief. As a result, the court will recommend that the Petition be dismissed.

## I. BACKGROUND

Petitioner was charged as follows: The class C felony of burglary in the second degree, Mo. Rev. Stat. § 569.170, in that on or about March 11, 2010, Petitioner knowingly entered a building owned by New Beginnings Full Gospel Ministries, for the purpose of committing stealing therein (Count 1); the class A misdemeanor of stealing, Mo. Rev. Stat. § 570.030, in that on or about March 11, 2010, Petitioner appropriated postage stamps which were in the possession of New Beginnings Full Gospel Ministries and he appropriated such property without the consent of New Beginnings Full Gospel Ministries (Count 2); and the class A misdemeanor of possession of drug paraphernalia with intent to use, in that on or about March 11, 2010, Petitioner possessed a metal pipe, burnt at both ends and containing wire mesh, which was drug

paraphernalia, knowing of its presence and nature with intent to use it to inhale a controlled substance (Count 3). Petitioner was charged as a prior and persistent offender. (Resp. Ex. B at 8-9).

As explained by the Missouri appellate court,[1] the testimony at Petitioner's trial was as follows: Officers Morrell and Widmer responded to a dispatch call that an alarm had sounded at the New Beginnings Full Gospel Ministries. (Resp. Ex. E at 2). They entered the building upon finding the door had been broken and found Petitioner "in the office attempting to conceal himself by standing flat against the wall behind the door." (Id.). When questioned by Officer Widmer, Petitioner "refused to identify himself, stated that he was just trying to get out of the rain, and that the door broke when he pulled on it." (Id.). After he was notified of the event and arrived on the scene, Pastor Rainey told officers that he did not know Petitioner; that he had not given Petitioner permission to enter the church; that the doors had been locked when he left a few hours earlier; and that the condition of his office was not as it had been when he left. (Id. at 3). Pastor Rainey also noted that his file cabinet drawers had been pulled open and its contents

---

[1] In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003)). See also Simmons v. Luebbers, 299 F.3d 929, 942 (8th Cir. 2002). Explicit and implicit findings by state trial and appellate courts are presumed to be correct. Rushen v. Spain, 464 U.S. 114, 120 (1983); Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 545-47, 550 (1981). Additionally, the Eighth Circuit holds that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class, 152 F.3d 863, 867 (8th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir. 1988). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). "Questions of witness credibility are usually considered to be issues of fact." Id. (citing Brown v. Allen, 344 U.S. 443, 506 (1953)). Mixed questions of law and fact, however, are not entitled to a presumption of correctness pursuant to § 2254(d). Evenstad v. Carlson, 470 F.3d 777, 784 (8th Cir. 2006) (citing Cornell v. Nix, 976 F.2d 376, 382 (8th Cir. 1992)).

placed on the desk chair, and that the CD player had been moved from "its customary location in the church's sound room" to his office. (Id.).

After placing Petitioner under arrest, "[u]pon conducting a search of [Petitioner's] person, the officers discovered a metal pipe burnt at both ends with steel wool stuffed inside of it, a Missouri identification card, and several United States postage stamps. The pipe was identified by Officer Morrell as a device commonly used to smoke crack cocaine and the postage stamps were identified by [Pastor] Rainey as stamps that he had purchased for the church and had been in the office file cabinet." (Id.).

Petitioner was convicted by a jury, as charged, and sentenced to twelve years of imprisonment for the burglary and a concurrent one-year term for each of the other two convictions. (Resp. Ex. B at 38-40). Petitioner filed a direct appeal, and his convictions and sentences were affirmed by the Missouri appellate court. State v. Tramble, 359 S.W.3d 542 (Mo. App. E.D. 2012).

Petitioner then filed a post-conviction relief motion pursuant to Rule 29.l5. (Resp. Ex. G at 4-9). Counsel was appointed and filed an amended Rule 29.15 motion. (Id. at 10-11, 16-32). The motion court denied Petitioner's post-conviction relief. (Id. at 35-41). Petitioner appealed the motion court's decision to the Missouri appellate court. (Resp. Ex. H). On September 24, 2013, the Missouri appellate court affirmed the motion court's denial of post-conviction relief. Tramble v. State, 414 S.W.3d 571 (Mo. App. E.D. 2013).

On March 21, 2014, Petitioner filed a § 2254 Petition in this court. (Doc. No. 1). On May 13, 2014, pursuant to a motion filed by Respondent, the court ordered Petitioner to file an Amended Petition sufficiently alleging the grounds upon which he was seeking habeas relief. (Doc. No. 8). The court also directed Petitioner to show cause for excusing the procedural

3

default of any claims which he intended to raise in his amended § 2254 petition. On June 11, 2014, Petitioner filed an amended § 2254 petition, in which he raises the following claims:

>   (1)     Petitioner's right to due process was violated because the evidence was insufficient to convict him of second degree robbery;
>
>   (2)     Petitioner received ineffective assistance of counsel because counsel failed to protect Petitioner's right to impeach Pastor Rainey's credibility with his robbery convictions, because counsel failed to request that the jury be instructed to consider Pastor Rainey's convictions when considering his credibility, and because counsel permitted the State to question Pastor Rainey regarding his convictions; and
>
>   (3)     The motion court "erred in concluding that trial counsel's decisions as to Pastor Rainey's prior convictions were 'not reasonable' and therefore, the claim that failing to request instruction under MAI-CR310.14 was ineffective assistance of counsel lacked merit."

(Doc. No. 9-1 at 5, 7, 17).[2]

## II. PROCEDURAL DEFAULT and TIMLINESS STANDARD

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id. "[T]he existence of cause for a procedural default must ordinarily

---

[2] In his Amended Petition, Petitioner asserts that the Missouri Attorney General does not allow "inmates trained in the law to work in the prison library" who would be available to assist other inmates. (Doc. No. 9-1 at 1-2). However, Petitioner does not suggest that he seeks to raise this issue as a habeas claim in the matter under consideration.

4

turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

The court finds that Petitioner's amended petition was timely filed in this court. Although he did not raise Ground 3 as a separate issue on appeal, given that it is nearly identical to the issue Petitioner raises in Ground 2, in the interest of justice, the court finds that Petitioner has not procedurally defaulted the issues raised before this court.

### III.  STANDARD OF REVIEW

"In the habeas setting, a federal court is bound by the AEDPA[3] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d at 751. Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a

---
[3] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

5

state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## IV.  DISCUSSION

**Ground 1:**

In Ground 1, Petitioner argues that his right to due process was violated because the evidence was insufficient to convict him of second degree robbery. Mo. Rev. Stat. § 569.170(1) provides: "A person commits the offense of burglary in the second degree when he or she *knowingly enters* unlawfully or *knowingly remains* unlawfully in a *building or inhabitable structure* for the purpose of committing a crime therein." (emphasis added).

In support of Ground 1, Petitioner argues that the evidence at trial did not establish the requisite intent to prove a person guilty of second degree robbery. He also argues that the "church was not a building one would think would contain items of value"; he told officers he "just came in to get out of the rain"; and because he could not have known there would be items of value in the church, he could not have had the requisite intent. (Doc. No. 9-1 at 6-7). Additionally, Petitioner argues that the Missouri appellate court's determination, in regard to the issue of Ground 1, was an "unreasonable determination of the facts in light of the evidence," given Pastor Rainey's testimony that there was no damage to the back door of the church and that he had not "lock[ed] up the door" on the night of the alleged crime. (Doc. No. 11 at 2-3).

Addressing the claim of Petitioner's Ground 1, the Missouri appellate court considered the statutory language of Mo. Rev. Stat. § 569.170(1) and held:

> An essential element of burglary, as distinguished from trespass in the first degree, is the intent to commit a crime. State v. Hasler, 887 S.W.2d 610, 615 (Mo. App. W.D. 1994). To support a conviction for burglary, the State must

6

establish this essential element beyond a reasonable doubt. State v. Asberry, 559 S.W.2d 764, 767 (Mo. App. 1977).

> The elements of burglary may be shown through circumstantial evidence. State v. Burroughs, 682 S.W.2d 88, 89 (Mo. App. E.D. 1984). The presence at the scene of the crime and the unexplained possession of stolen property are circumstances from which intent to commit a crime may be inferred. State v. Clay, 627 S.W.2d 659, 661 (Mo. App. W.D. 1981). In Missouri, intent to commit a crime may also be shown by unlawful entry into a building containing items of value. State v. Gibbs, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010). The property in the building entered need not be of any particular value so long as it has some value. See State v. Stead, 443 S.W.2d 714, 715 (Mo. 1971). The forced entry into a building in the small hours of the morning, with no plausible explanation, is sufficient to prove prima facie intent to steal. State v. Logan, 595 S.W.2d 740, 743 (Mo. App. W.D. 1980).

(Resp. Ex. E at 4-5) (citations omitted).

After considering the evidence, including the officers' testimony that the door to the church was open and that Petitioner was inside the church without having permission to be there, the office was in a different condition than when Pastor Rainey left, with cabinets open and items moved, and officers found stamps on Petitioner's person and the stamps were identified as stolen church property, the Missouri appellate court found that, viewed in the light most favorable to the verdict, the evidence was sufficient to support Petitioner's conviction. (Id. at 5-6).

"The elements of state law crimes are defined by state law." Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998) (citing Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994)). Issues concerning the interpretation and application of state law are not cognizable in federal habeas review. See Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) (holding that it is not the province of a federal habeas court to reexamine state court determinations on state law questions; petitioner's claim was based only on Missouri law and actions of Missouri officials and thus may be addressed only by the Missouri courts); Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (holding that error in the interpretation and application of state law does not rise to the level of a

7

constitutional violation cognizable in a federal habeas petition); Jones v. Armontrout, 953 F.2d 404, 405 (8th Cir. 1992) (holding that an incorrect application of a Missouri statute, without more, does not establish that a prisoner is being held in violation of the laws or constitution of the United States, which is a prerequisite for relief under § 2254).

Further, the United States Supreme Court held, in Garner v. Louisiana, 368 U.S. 157, 166 (1961), that a federal court is "bound by a State's interpretation of its own statute and will not substitute [the federal court's] judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings of a state court." Thus, to the extent the Missouri appellate court interpreted Mo. Rev. Stat. § 569.170(1) in its determination that Petitioner's Ground 1 was without merit, the court finds that Petitioner's Ground 1 is not cognizable pursuant to federal habeas review.

As for federal law applicable to a claim alleging insufficiency of the evidence for a conviction, the United States Supreme Court has held that "a claim that evidence is insufficient to support a conviction as a matter of due process depends on 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Wright v. West, 505 U.S. 277, 283-84 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original). See also Scott v. Jones, 915 F.2d 1188, 1190 (8th Cir. 1990); Haymon v. Higgins, 846 F.2d 1145, 1146 (8th Cir. 1988). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts." Jackson, 443 U.S. at 319. See also Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003) ("We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that

resolution.") (internal citations omitted); Weston v. Dormire, 272 F.3d 1109, 1111 (8th Cir. 2001) ("In determining the sufficiency of the evidence in habeas cases under 28 U.S.C. § 2254, we view the evidence in the light most favorable to the prosecution and decide whether any rational jury could have found, beyond a reasonable doubt, all of the elements of the crime.") (citing Jackson, 443 U.S. at 319, 321, 324; Loeblein v. Dormire, 229 F.3d 724, 726 (8th Cir. 2000)).

The scope of the federal court's review of a state court's determination that there was sufficient evidence to support the conviction is "extremely limited." Skillicorn v. Luebbers, 475 F.3d 965, 977 (8th Cir. 2007). To be entitled to habeas relief, the petitioner must demonstrate not only that no rational trier of fact could have found the elements of the crime, but also that it was unreasonable for the State court to determine otherwise. Garrison v. Bart, 637 F.3d 849, 854-55 (8th Cir. 2011). Critically, "[this] standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16.

Given the extensive evidence cited by the Missouri appellate court upon finding the evidence sufficient, the court finds that the Missouri appellate court's decision that the evidence was sufficient to convict Petitioner of second degree burglary is neither incorrect nor unreasonable. See Garrison v. Burt, 637 F.3d at 854-55 (emphasis in original) (quoting Cole v. Roper, 623 F.3d 1183, 1187 (8th Cir. 2010) ("Because AEDPA only allows us to grant habeas relief if there was 'an unreasonable application of [] clearly established Federal law,' 28 U.S.C. § 2254(d)(1), we may grant relief only if we find the [State] Court of Appeals' conclusion that the evidence satisfied the Jackson sufficiency of evidence standard 'both incorrect *and*

unreasonable.'"). Therefore, the court finds that Petitioner's Ground 1 is without merit and that habeas relief on its basis should be denied.

**Grounds 2 and 3:**

In Ground 2, Petitioner claims he received ineffective assistance of counsel because counsel failed to protect Petitioner's right to impeach Pastor Rainey's credibility with his robbery convictions, because counsel failed to request that the jury be instructed to consider Pastor Rainey's convictions when considering his credibility, and because counsel permitted the State to question Pastor Rainey regarding his convictions. In support of Ground 2, Petitioner argues that his counsel should not have let the State "neutralize the pastor's candid admission on direct examination" regarding his convictions, that the pastor's testimony "enhanced his credibility," and that counsel's trial strategy assisted the State in enhancing Pastor Rainey's credibility. (Doc. No. 9-1 at 7-8). In Ground 3, Petitioner claims the motion court "erred in concluding that trial counsel's decisions as to Pastor Rainey's prior convictions were 'not reasonable.'" Petitioner further contends that he was prejudiced as a result of counsel's failures as alleged in Grounds 2 and 3 because Pastor Rainey's credibility was critical to the "only real issue in [Petitioner's] case—Petitioner's intent—and because the case was close." (Doc. No. 11 at 6).

Relevant to the current issue, in addition to the previously detailed testimony, on direct examination at Petitioner's trial, the prosecutor "briefly asked Pastor Rainey about his guilty plea, in 1993, to two counts of robbery, and Pastor Rainey acknowledged that he had pled guilty and had received probation." Tramble, 414 S.W.3d at 573. At the evidentiary hearing before the motion court:

> [Petitioner's] trial counsel testified his strategy was to show [Petitioner] only committed the misdemeanor of trespassing rather than the felony of burglary

> because he did not enter the church to steal. Further, he testified he did not file a motion in limine to prevent questioning of Pastor Rainey about his previous convictions nor did he object when the State asked about the convictions because it was his strategy not to do this because he thought the convictions were too remote in time to have much of an effect on the jury's determination of Pastor Rainey's credibility. Further, [Petitioner's] trial counsel noted if the State had not done so, he still would not have introduced evidence of the convictions because he thought doing so would have caused him to lose credibility with the jury because the convictions were so remote in time. Moreover, he did not object to the State's questioning about the convictions because he thought an objection would be meritless.

Tramble, 414 S.W.3d at 574-75.

Federal law provides that to prove ineffective assistance of counsel, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The "performance" prong of Strickland requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if a petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 697. To do so, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 669. The court is not required to "address both

11

components of the [effective assistance of counsel] inquiry if [a petitioner] makes an insufficient showing on one [component]." Id. at 697.

The Supreme Court has emphasized that the standard to be applied by a federal court when reviewing a Strickland claim of a state prisoner pursuant to § 2254 is "doubly deferential judicial review." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). The Court further explained that "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

In this case, the Missouri appellate court identified the correct governing legal rule and reasonably applied it to the facts of Petitioner's case. Before the Missouri appellate court on appeal of the denial of his post-conviction relief motion, Petitioner argued that his counsel was ineffective for failing to file and present a motion in limine to preclude the State from eliciting from Pastor Rainey that he had previously plead guilty to two counts of first-degree robbery. Addressing these claims, the Missouri appellate court applied the two-pronged test of Strickland, 466 U.S. at 687 and held:

> We find the motion court did not clearly err in finding Movant's trial counsel was not ineffective for failing to file a motion in limine to prevent the State from inquiring into Pastor Rainey's prior convictions or for failing to object when the State questioned Pastor Rainey about his convictions.
>
> In State v. Spinks, 629 S.W.2d 499, 503 (Mo. App. E.D. 1981), we addressed a situation where the prosecutor exposed its witness' inconsistence on direct examination, hoping thereby to minimize its damaging impact on her credibility when the defense counsel tried to dramatically reveal it on cross-examination. We noted "such trial strategy is not anomalous, and is an accepted practice, e.g., an attorney exposes on direct examination past criminal convictions of his witness or a prosecutor discloses on direct examination the terms of his accomplice witness' plea bargain." Id. We concluded the state may anticipate a possible basis for impeachment and demonstrate it on direct examination. Id. Further, the defense may, of course, develop it on cross-examination in an effort to enhance the impeaching effect. Id. In Spinks, we found the trial court

committed no error in allowing disclosure of this evidence on direct examination. Id.

In this case, the State brought up Pastor Rainey's prior convictions not to impeach him, but rather in anticipation of Movant's impeachment of him. Often when a witness reveals his prior convictions on direct examination this practice is not "impeachment," *per se*, but rather "anticipatory rehabilitation" designed to take the wind out of the sails of an attack on credibility or to soften the blow of anticipated inquiries or revelations expected to be damaging to the witness' credibility. See State v. Gregory, 42 S.W.3d 766, 771 (Mo. App. W.D. 2001).

Because the State's anticipation of impeachment was proper, any motion in limine or objection regarding this evidence would have been meritless. Thus, Movant's trial counsel could not have been ineffective for failing to pursue a motion in limine or for failing to object to the evidence.

In addition, Movant failed to show his counsel's trial strategy was unreasonable. Moreover, we note Movant's trial counsel's strategy was reasonable in this instance because it was reasonable to believe Pastor Rainey's 1993 convictions would not have diminished his credibility and emphasizing such convictions may have alienated the jury. A strategic choice to either limit or not impeach a witness at all for fear that doing so would alienate the jury or create sympathy for the State's witnesses is a reasonable one. Byrd v. State, 329 S.W.3d 718, 726 (Mo. App. S.D. 2010). Further, even if another strategy would have been reasonable, it is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006).

With regard to Movant's argument that his trial counsel was ineffective for failing to request an instruction on the use of prior convictions in determining a witness' credibility, we find Movant suffered no prejudice. The jury was informed during voir dire that it could use prior convictions in determining the credibility of a witness. Thus, we find Movant failed to show he was prejudiced by his counsel's failure to request a jury instruction.

Lastly, we note even if Movant's trial counsel would have prevented the State from offering evidence of Pastor Rainey's prior convictions first, the effect would have been marginal. Pastor Rainey's testimony was a small part of the evidentiary picture. For example, Officer Joseph Morrell's testimony provided substantial evidence of Movant's guilt. Officer Morrell testified that when he searched Movant, he found a metal pipe the kind typically used to smoke drugs and several postage stamps in his pocket. Further, Pastor Rainey showed the police a credit card receipt from buying the stamps, and the receipt contained Pastor Rainey's credit card number. Thus, the evidence tended to show Movant entered the church to commit a crime.

> Therefore, the motion court did not clearly err in denying Movant's Rule 29.15 motion for post-conviction relief. Point denied.

Tramble, 414 S.W.3d at 575-76.

As a preliminary matter, to the extent the Missouri appellate court was interpreting State law when denying Petitioner relief on the issues raised in Grounds 2 and 3, as stated above, issues concerning the interpretation and application of state law are not cognizable in federal habeas review. See Poe, 39 F.3d at 207; Higgins, 991 F.2d at 442.

Second, to the extent the Missouri appellate court noted that any objection made by defense counsel to the State's questioning Pastor Rainey regarding his convictions would have been meritless, under federal law, counsel is not ineffective for failing to make a meritless objection. See Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) ("Because the promise of leniency argument was factually meritless, his counsel was not ineffective for failing to make this argument, and his counsel's trial strategy cannot be challenged on the basis of a meritless claim."); Holloway v. United States, 960 F.2d 1348, 1356 (8th Cir. 1992) (holding that there can be no prejudice where counsel fails to raise a non-meritorious issue). Moreover, "strategic decisions 'made after thorough investigation of law and facts . . . are virtually unchallengeable,' even if that decision later proves unwise." Battle v. Delo, 19 F.3d 1547, 1556 (8th Cir. 1994) (citation omitted).

Further, in regard to Petitioner's argument that counsel was ineffective for failing to request an instruction addressing Pastor Rainey's credibility and his prior convictions, the jury was given a general instruction stating:

> In determining the believability of a witness and the weight to be given the testimony of the witness, you may take into consideration the witness' manner while testifying; the ability and opportunity of the witness to observe and remember any matter about which testimony is given; any interest, bias, or prejudice the witness may have; the reasonableness of the witness' testimony

>considered in light of all the evidence in the case; and *any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness*.

(Resp. Ex. B at 16-17) (emphasis added). Thus, the jury was, in fact, given a general instruction regarding the matters to be taken into consideration when determining the weight to be given Pastor Rainey's credibility. In any case, under federal law:

> The standard for reviewing alleged errors in jury instructions is whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury. The form and language of jury instructions are committed to the sound discretion of the [trial] court so long as the jury is correctly instructed on the substantive issues in the case. [A] court will reverse on the basis of instructional error only if it finds the error affected the substantial rights of the parties. White v. Honeywell, Inc., 141 F.3d 1270, 1278 (8th Cir. 1998) (internal citations and quotations omitted).

Jones v. Swanson, 341 F.3d 723, 734 (8th Cir. 2003). In particular, pursuant to habeas review of a State prisoner's conviction, based on an allegedly defective jury instruction, the Eighth Circuit holds that even if the alleged error rises "to the level of a constitutional violation, it cannot be the basis for habeas relief if it is harmless." Seiler v. Thalacker, 101 F.3d 536, 539 (8th Cir. 1996). As suggested by Respondent (Doc. No. 10 at 20), Petitioner fails to establish sufficient prejudice because even absent Pastor Rainey's testimony there was overwhelming evidence of Petitioner's guilt, including the testimony of the police officers about the ransacked condition of the office and Petitioner's presence inside the church.

Accordingly, the court finds that that the decision of the Missouri appellate court in regard to the claims raised in Petitioner's Grounds 2 and 3 is not contrary to federal law and that it is a reasonable interpretation of federal law. Additionally, the Missouri appellate court reasonably applied federal law to the facts of Petitioner's case when considering the issues of Grounds 2 and 3. As such, the court finds that Petitioner's Grounds 2 and 3 are without merit and that habeas relief on their basis should be denied.

15

## V.  CONCLUSION

For the reasons stated above, the court finds that Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the court will not recommend a certificate of appealability issue or that in forma pauperis be granted on appeal.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**, and **DISMISSED** (Doc. No. 9);

**IT IS FURTHER RECOMMENDED** that no certificate of appealability should issue and in forma pauperis not be granted on appeal.  28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).  Dated this 6th day of February, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE